

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00535-CR

George S. **CHAPPLE** III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR7642
The Honorable Laura Lee Parker, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed:  September 26, 2018

DISMISSED FOR LACK OF JURISDICTION

A notice of appeal that complies with the requirements of Rule 26 of the Texas Rules of Appellate Procedure is essential to vest the appellate court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, an appellate court does not obtain jurisdiction to address the merits of the appeal and it can take no action other than to dismiss the appeal. *Id.*

Here, appellant's sentence was imposed on October 13, 2017. Because appellant did not timely file a motion for new trial, the notice of appeal was due to be filed on November 12, 2017.

TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on November 27, 2017. TEX. R. APP. P. 26.3. However, appellant did not file his notice of appeal until July 30, 2018. Because the notice of appeal in this case was not timely filed, we lack jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

We ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. We, therefore, dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish